# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUFACTURING AUTOMATION & SOFTWARE SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KRISTOPHER HUGHES, JAMES HUYSENTRUYT, INFORMATRAC, INC., PCVUE, INC., EDWARD NUGENT, and DOES 1-10, <br><br> Defendants. | CASE NO. 2:16-cv-8962 <br><br> **AMENDED STIPULATED ORDER GOVERNING ELECTRONIC DISCOVERY** |

The COURT ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the Court's discretion or by agreement of the parties.

3. Costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. ESI will include at least the following metadata, if such fields exist: for email, fields showing the date and time that the document was sent and received, as well as the complete distribution list; and for non-email, date and time created and modified, and custodian. Additional metadata should be produced if and as required by rule or order.

6. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

a) **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format, but can be produced in native format if not practicable (*e.g.*, size, foreign language, spreadsheets, etc.). TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Load files shall be provided to indicate the location and unitization of the TIFF files and ease the loading of the files into the receiving party's management system. The document load files shall include fields identifying at least: (1) the beginning and ending Bates numbers for the document; and (2) the DocID.

b) **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

c) **Footer**. Each document image shall contain a footer with a sequentially ascending production number. Responsive documents in TIFF format will be

stamped with the appropriate confidentiality designations in accordance with any Protective Order in this matter. All material not reduced to documentary, tangible, or physical form or which cannot be conveniently labeled, shall be designated by the producing party by informing the receiving party of the designation in writing.

d) **Production Media**. Subject to the terms of any Protective Order in this action, documents shall be produced on external hard drives, readily accessible computer(s) or electronic media such as CDs, DVDs USB drives ("Production Media"); production by FTP site rather than on hard media will be acceptable; and production by e-mail is acceptable provided that the receiving party's designated e-mail address for accepting service of the production is used, and the producing party has not received any error or return message indicating that the service e-mail was not received or sent successfully. Each piece of production media should identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the appropriate confidentiality designations in accordance with any Protective Order in this matter.

e) **Native Files**. Production of native format copies of spreadsheets or industry-specific file types is encouraged. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

f) **Voicemail and Mobile Devices**. Absent a showing of good cause, voicemails, instant messages, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved. The types of ESI listed in this subparagraph do not include text messages.

7. By September 22, 2017, the parties shall exchange a specific identification of each party's six most significant e-mail custodians in view of the pleaded claims and defenses.[1]

8. By October 9, 2017, the parties shall exchange a specific request that a party produce e-mail in accordance with the following provisions:

a) An e-mail production request shall identify the custodians, search terms, and time frames. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frames. Each requesting party shall limit its e-mail production request to a total of six custodians per producing party for any such request. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on proportionality, and the size, complexity, and issues of this specific case.

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

To the extent a party has fewer than six e-mail custodians total, that party will identify all custodians it does have.

b) Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. The parties agree to meet and confer regarding potential search terms prior to a party collecting and producing emails. The parties additionally agree to meet and confer regarding narrowing the scope of search terms or eliminating searching terms where a search term results in excessive or unduly burdensome search results.

9. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

10. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

11. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

12. **Processing of Third-Party Documents**. A party that issues a non-party subpoena ("Issuing Party") shall include a copy of this Order regarding electronic discovery with the subpoena and state that the parties to the litigation have requested that third-parties produce documents in accordance with the specifications set forth herein. The Issuing Party shall promptly produce any documents obtained pursuant to a non-party subpoena to the opposing party. If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to the opposing party. Nothing in this stipulation is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third-parties to object to a subpoena.

13. Notwithstanding the preceding paragraphs, the parties may later make other agreements for their mutual convenience relating to the form and manner of production. To the extent a producing party believes discovery requests or particular applications of this order may be unduly burdensome or otherwise objectionable under the applicable rules, the parties will meet and confer in good faith as to the necessity for, scope of, and objections to such production before seeking relief from the Court.

14. An agreement by any party to bear or receive the costs of any ESI discovery is an interim agreement subject to modification by a final Taxation Order issued by the Court and shall not prejudice any party's right to seek ESI expenses as taxable costs.

15. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 12, 2017        */s/ Kirk M. Hallam*

                                                        Attorney for Plaintiff Manufacturing Automation & Software Systems, Inc.

DATED: August 2, 2017        */s/ Kevin Abbott*

                                                        Attorney for Defendants InformaTrac, Inc., Kristopher Hughes, and James Huysentruyt

DATED: August 2, 2017        */s/ Wyley S. Proctor*

                                                        Attorney for Defendants PcVue, Inc. and Edward Nugent

PURSUANT TO STIPULATION AS AMENDED BY THE COURT, IT IS SO ORDERED.

Dated: September 19, 2017        By:_____ /s/ Karen L. Stevenson _____

                                                        Karen L. Stevenson
                                                      United States Magistrate Judge