# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kirk Hallam | Bethany Stevens |
| Jun Kwon | Wyley Proctor |
| | Greg Nylan |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS FOR INTENTIONAL SPOLIATION (Dkt. 154, filed March 30, 2018)

## I.  INTRODUCTION

On December 2, 2016, plaintiff Manufacturing Automation & Software Systems, Inc. ("MASS Group") filed a complaint against defendants Kristopher Hughes, James Huysentruyt, Informatrac, Inc., PcVue, Inc., Edward Nugent, and Does 1–10 (collectively, "defendants"). Dkt. 1. On January 31, 2017, plaintiff filed the operative first amended complaint. Dkt. 27 ("FAC"). Plaintiff asserts the following claims: (1)–(8) copyright infringement of eight copyrighted works against all defendants; (9) violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq., against Hughes and Huysentruyt; (10) violations of California's Computer Data Access and Fraud Act, Cal. Penal Code § 502, against Hughes and Huysentruyt; (11) misappropriation of trade secrets in violation of California's Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq., against all defendants; (12) breach of contract against Hughes and Huysentruyt; (13) interference with prospective economic advantage against Hughes, Huysentruyt, and InformaTrac; (14) fraud and deceit against Hughes and Huysentruyt; (15) conversion against Hughes, Huysentruyt, and Does 1–10; (16) diversion of corporate opportunities against Hughes and Huysentruyt; and (17) accounting against all defendants. Id. Plaintiff alleges that defendants copied plaintiff's software to produce, market, and sell a counterfeit version to plaintiff's current or potential customers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

On March 28, 2017, PcVue and Nugent filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction and for failure to state a claim. Dkt. 50. On May 8, 2017, the Court denied the motion to dismiss. Dkt. 53.

On October 25, 2017, defendants filed a motion to compel discovery relating to plaintiff's investigator, Alan Davis. Dkt. 83. On December 1, 2017, Magistrate Judge Karen L. Stevenson granted defendants' motion in part and denied the motion in part, and ordered plaintiff to produce certain documents and to submit documents identified in a privilege log for *in camera* review. Dkt. 106. On December 20, 2017, Judge Stevenson concluded that certain documents contained in the privileged logs were not privileged, and ordered plaintiff to produce those documents. Dkt. 118.

On March 30, 2018, defendants filed the instant motion for terminating sanctions, contending that plaintiff violated the December 1 discovery order, and alleging spoliation of evidence. Dkt. 154 ("Mot."). Plaintiff filed its opposition on April 9, 2018, dkt. 168 ("Opp'n"), and defendants filed a reply on April 16, 2018, dkt. 184 ("Reply").

On April 30, 2018, the Court held oral argument. Having carefully considered the parties' arguments and supporting declarations, the Court finds and concludes as follows.

## II.  BACKGROUND

### A. Plaintiff's Factual Allegations

Plaintiff alleges the following facts.

Plaintiff developed, produced, marketed, and licensed a series of internet-based software programs that allow customers to track or trace quantities and precise locations of inventories, equipment, materials, documents, or people. FAC ¶ 1. These programs are protected by copyright. Id. Eight of those copyrighted works, referred to as the "MASS Software," are at issue in this matter. Id.

Plaintiff alleges that beginning in 2015, and while they were still employed by MASS Group, defendants Hughes and Huysentruyt formed a business partnership with Ed Nugent and PcVue with the primary purpose of "copy[ing] the Mass Software, along with the source and object codes from which that Software is exclusively derived," and that they "copied MASS Software in order to produce and market that Software as their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

own." Id. ¶¶ 4–5. Plaintiff asserts that while Hughes and Huysentruyt were still officers and managers of MASS Group, they used MASS Software in collaboration with Nugent and PcVue to provide integrated software services to the Miami Dade Airport. Id. ¶ 8– 9. This project was allegedly within plaintiff's core competency and was well suited for MASS Software. Id. ¶ 9.

Plaintiff further alleges that Hughes and Huysentruyt subsequently resigned in March of 2016 to launch a partnership under the name "InformaTrac," which they allegedly used to deliberately induce plaintiff's customers to discontinue their use of plaintiff's software and either terminate or fail to renew licenses with Plaintiff. Id. ¶¶ 8– 14.

In the year prior to their resignations, plaintiff alleges that Hughes and Huysentruyt were responsible for promoting, licensing, and servicing the MASS Software and that they had the most contact with plaintiff's current and potential customers. Id. ¶ 41. However, plaintiff alleges that in the final six months before their resignations, Hughes and Huysentruyt brought in virtually no new customers for plaintiff as part of their plan to copy the MASS Software and eliminate plaintiff as an effective competitor to InformaTrac. Id. ¶ 42. Plaintiff further alleges that after their resignation, defendants continued to access and exploit MASS Group's confidential customer contact information. Id. ¶ 47.

### B. The Davis Investigation and Subsequent Discovery Dispute

During discovery, plaintiff identified its investigator, Alan Davis, as a witness in its initial disclosures. Accordingly, defendants pursued fact discovery with respect to Davis, which eventually culminated with defendants' motion to compel discovery related to Davis on October 25, 2017. Dkt. 93. In their motion to compel, defendants sought documents they had subpoenaed from Davis concerning his communications with plaintiff. Dkt. 93 at 1. Plaintiff objected to production of these documents on the grounds of attorney-client privilege and attorney work product. Id.

In a declaration supporting plaintiff's opposition to the motion to compel, Davis explains that in November 2016 he was hired by plaintiff to investigate the allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

against defendants and to view the allegedly infringing InformaTrac software.[1] Davis Decl. ¶ 3–6. Davis and plaintiff's Vice President of Business Development, Shaunna Balady, concluded that the best way for Davis to conduct his investigation would be through a covert operation, where Davis would pose as a potential InformaTrac customer. Id. ¶ 6. Accordingly, Davis contacted Huysentruyt and arranged to see an online demonstration of the software. Id. ¶ 7. With respect to production of documents, Davis stated in his declaration that he reviewed all documents in his possession and provided responsive documents to plaintiff's counsel, and that he was willing to search again for additional responsive documents. Id. ¶ 9.

On December 1, 2017, Judge Stevenson granted in part and denied in part defendants' motion to compel discovery.[2] Dkt. 106 ("December 1 Order"). Accordingly, plaintiff was ordered to (1) produce documents responsive to the subpoena of Davis; (2) produce supplemental responses to the subpoena; (3) produce documents responsive to defendants' requests for production of documents concerning Davis; (4) lodge documents identified in plaintiffs' privilege log evidencing communications between David and plaintiff's counsel, Kirk Hallum, for *in camera* review; and (5) serve supplemental responses to defendant's requests for production. Id.

On December 18, 2017, this Court granted defendants' ex parte application for an extension of discovery until January 12, 2018 for the limited purpose of deposing Davis and Balady. Dkt. 116.

---

[1] Davis's retainer agreement indicates that Davis would evaluate the similarities between plaintiff's and InformaTrac's software and sales processes; determine the details of InformaTrac's business approach towards new clients; understand InformaTrac's background and how the company started; investigate details of how, when, and for which customers InformaTrac's software has been deployed; prepare a detailed report regarding his investigation; and support litigation as required. Davis Decl. & Ex. 1 ¶ 1.

[2] Judge Stevenson determined that plaintiff holds the attorney-client privilege—not Davis—and thus this privilege was not applicable to Davis's subpoenaed communications; that material from Davis's investigation did not constitute attorney work product; that in the event the work product privilege is applicable, this privilege was otherwise waived when plaintiff listed Davis as a percipient witness; and that the Court had "serious concerns" about whether a breach of the no-contact rule occurred when Davis contacted defendants, who were represented parties. Dkt. 106 at 18–23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

On December 20, 2017, Judge Stevenson determined that certain documents plaintiff submitted for *in camera* review were not covered by attorney-client privilege or the work product doctrine, and plaintiff was ordered to produce these documents identified in the privilege log to defendants by December 22, 2017. Dkt. 117.

**C. The Current Dispute**

In early January, defense counsel deposed Davis and Balady. See Mot. & Foley Decl. Exs. A, B, D. Defendants allege that during the depositions they became aware of documents that were not included in plaintiff's December production.[3] Id.

In response to a joint mutual statement from the parties, Judge Stevenson held a telephonic conference on February 14, 2018 regarding defendants' allegations that plaintiff had not produced all responsive documents as required by the December 1 Order, and had otherwise spoliated evidence. Dkts. 126; 166 ("Transcript"). Judge Stevenson declined to rule on either issue, indicating that defendants would need to seek ex parte relief to extend the fact discovery cut-off to enable her to hear another discovery dispute, and directing defendants to bring any dispositive motion concerning spoliation before this Court. Id. at 4, 6.

**III. LEGAL STANDARDS**

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009). Rule 37(e) of the Federal Rules of Civil Procedure establishes the necessary findings to support certain curative measures for spoliation of electronically stored information. This Rule was amended in 2015 to "foreclose[] reliance on inherent authority or state law to determine when certain measures should be used" to address spoliation of electronically stored information. See Fed. R. Civ. P. 37(e), Advisory Committee Note to 2015 Amendment. Rule 37(e) provides the following:

---

[3] In response to defense counsel's assertions during Davis's deposition that Davis did not produce all documents in compliance with the Court order, plaintiff's counsel asserted that plaintiff provided *more* discovery than was required by the December 1 Order. Foley Decl. & Ex D at 219:6–20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

(e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A) presume that the lost information was unfavorable to the party;

(B) instruct the jury that it may or must presume the information was unfavorable to the party; or

(C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). This version of Rule 37(e) applies to civil cases commenced after December 1, 2015, "and, insofar as just and practicable, all proceedings then pending." See 2015 U.S. Order 0017; 28 U.S.C. § 2074(a).

Moreover, a court adjudicating a request for terminating sanctions pursuant to Rule 37(e)(2)(C) must consider the following factors:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its dockets;

(3) the risk of prejudice to the party seeking sanctions;

(4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions.

Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995); Leon v. IDX Systems Corp., 464 F.3d 951, 958 n.4 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

## IV. DISCUSSION

Defendants request the Court to order terminating sanctions because plaintiff "intentionally, selectively, and systematically destroyed material evidence, both while investigating this case and for seven months after the case was filed."[4] Mot. at 1. Defendants assert that they "did not learn of the spoliation until after fact discovery closed" during the January 2018 depositions of Davis and Balady. Id. n.1.

### A. The Alleged Spoliation

Defendants allege that plaintiff suspected on or about March 2016 that defendants had allegedly copied its software, and that plaintiff tried to build its case over the remaining months. Id. at 2–3. During this period, Balady testified in her deposition that plaintiff enacted a retention policy in which emails were purged from its server after 90 days. Id. at 3. In particular, defendants allege that Balady admitted that since April 2016, plaintiff maintained this 90-day e-mail retention policy, which it subsequently reduced to 30 days between August 2016 and November 2016. Id. at 3–4. Defendants allege that plaintiff's retention policy continued until the summer of 2017. Id. at 4. Therefore, defendants argue that from the time plaintiff first anticipated litigation until the filing of the instant action, plaintiff was actually accelerating the rate at which e-mail evidence was being deleted from its servers, and that it continued to delete emails until the summer of 2017, seven months after litigation began. Id. at 4.

Next, defendants contend that Balady, who supervised the investigation and this litigation, admitted in her deposition that she used her personal email account to communicate with Davis about his investigations. Id. at 5. Defendants further argue that

---

[4]      Plaintiff contends that the Court should strike defendants' motion from the record for failure to meet and confer as required by Local Rule 7–3. Opp'n at 11–12. The Court declines to strike defendants' motion for failure to comply with L.R. 7–3, and (1) admonishes all parties to abide by the Local Rules in future proceedings, and (2) warns all parties that failure to meet and confer prior to filing motions constitutes grounds for denial of a motion or imposition of other monetary or non-monetary sanctions. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

Balady admitted to deleting emails from this account on a daily basis, and they allege that the "Davis emails were likely deleted." Id.

Defendants also claim that during Davis's January deposition, he discussed various e-mail reports and handwritten notes that he made during the course of his investigation that have not been produced to defendants. Id. at 7. Defendants assert that Davis "failed to preserve his notes and other evidence," and that despite Davis's promise that he would search for additional relevant documents in November, Davis never conducted that search and testified in his January deposition that he forgot to follow up on the promised search. Id. at 7–8. Defendants believe that the documents from Davis's investigation "would likely contradict MASS Group's allegations," and they contend that certain memoranda were never produced to defendants. Id. at 9.

Concerning other evidence of spoliation, defendants claim that plaintiff's "production was very small for a litigation of this type," and that Balady's deposition testimony demonstrates that Balady asked plaintiff's employees to collect documents that support plaintiff's claims, which demonstrates why "at least some communications did survive the company-wide deletion policy." Id. at 10. Defendants assert that plaintiff produced "few emails" from nine employees concerning their communications with customers from 2015 to 2017, and that plaintiff produced no emails with customers or potential customers from two employees responsible for customer sales. Id. at 10–11.

### B.     Whether Terminating Sanctions Are Appropriate

Defendants request terminating sanctions and argue that plaintiff willfully destroyed evidence in light of its duty to preserve potentially relevant evidence once it reasonably anticipated litigation in early 2016. Mot. at 12–15, 18. In addition, defendants contend that the destroyed documents are relevant to this case because Davis's investigation is a "cornerstone" of plaintiff's allegations and because plaintiff's customer emails from January 2015 until the summer of 2017 are missing. Id. at 15–16. Defendants contend that the only appropriate sanction is dismissal, as there is no way to "know just how many documents MASS Group destroyed, or what those documents would have proven (or disproven)." Id. at 17.

Defendants also request that the Court issue sanctions against plaintiff for violating the December 1 Order under Fed. R. Civ. P. 37(b)(2)(c), and issue sanctions against Davis for failing to comply with a subpoena. Id. at 23–24 (citing Corder v. Howard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

Johnson & Co., 53 F.3d 225, 232 (9th Cir. 1994)). Defendants argue that appropriate sanctions "include legal fees incurred both in raising this issue and this motion practice," and fees and costs incurred in deposing Davis and Balady. Id. at 24.

In opposition, plaintiff asserts that the instant motion is an untimely discovery dispute. Opp'n at 3–10. Plaintiff notes that Judge Stevenson ruled during a February 14 telephonic conference that without further extension of the discovery cut-off, she could not take any action on the dispute concerning plaintiff's alleged violation of the December 1 Order. Id. at 4–5. Plaintiff argues that defendants may not now ask this Court, four month after the discovery cut-off, to resolve any fact discovery disputes. Id. at 10–11.

With respect to the merits of defendants' motion, plaintiff argues that dismissal is inappropriate because (1) the undisputed evidence is that plaintiff did not deliberately destroy any evidence in this case; (2) the deleted emails, if any were relevant to this case, would be available from other individuals who were served with subpoenas and deposed in this case; and (3) a panoply of less severe remedies would eliminate or diminish any purported prejudice to defendants. Id. at 15.

First, plaintiff asserts that it implemented its email retention policy to protect itself from Hughes's and Huysentruyt's alleged theft of plaintiff's emails and confidential data, and that Balady also used a personal email for business communications for this reason.[5] Id. at 15–18, 20–21. Moreover, plaintiff argues that employee and customer emails from 2015 to 2017 were never produced because Hughes and Huysentruyt deleted "large swaths" of emails from 2014 to 2016, before their resignation. Id. at 18–20.

Plaintiff next argues that any information contained in missing MASS Group emails is accessible through alternative sources, such as plaintiff's prior customers. Id. at 23. Plaintiff further asserts that any deleted emails are neither relevant nor exculpatory,

---

[5] Plaintiff's allegations of hacking echo its claims that are pleaded in the FAC for violations of the federal Computer Fraud and Abuse Act and the California Computer Data Access and Fraud Act. See FAC ¶¶ 195–201, 202–11. Plaintiff also submits a declaration from Balady with a supporting exhibit that allegedly reflects Hughes's hacking attempts. Opp'n, Balady Decl. & Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

and argues that Davis's produced communications support defendants' alleged liability. Id. at 24.

Finally, plaintiff contends that its counsel obtained all of the documents provided by Davis that reflect his communications with plaintiff and plaintiff's counsel, and that counsel produced all of these documents to defendants after Judge Stevenson's *in camera* review and partial redaction of certain privileged documents. Id. at 24–25.

In reply, defendants argue that "fear of hacking" is no excuse for intentional spoliation, and that they are severely prejudiced by plaintiff's alleged spoliation. Reply at 2–7. Defendants also assert that the instant motion is timely because Judge Stevenson clarified that case dispositive motions must be filed before this Court. Id. at 10. Finally, defendants argue that Davis produced "only a handful" of documents in response to the December 1 Order, and that plaintiff produced none. Id. at 13. In Davis's deposition, defendants argue that he admitted that he had additional documents and handwritten notes that were responsive to defendants' subpoena, and that most of these documents were never subsequently produced. Id. at 13–14.

### 1. Defendants' Request for Sanctions under Rule 37(b)(2)(C)

As an initial matter, the Court concludes that plaintiff's alleged non-compliance with the December 1 Order and defendants' request for sanctions pursuant to Rule 37(b)(2)(C) is a discovery dispute that should have been set before Judge Stevenson. This Court's procedures are identified on the Court website, which provide that "[u]nless the Court has issued a contrary order, all discovery motions should be set before the Magistrate Judge to whom this case is assigned." Moreover, Judge Stevenson stated during the February 14 telephonic hearing that defendants needed to seek an extension of the discovery cut-off before this Court in order for her to rule on any discovery dispute. The record demonstrates that defendants did not seek ex parte relief to extend the fact discovery cut-off, and thus did not attempt to resolve this discovery dispute before Judge Stevenson.

Given the above considerations, and in light of the allegations of plaintiff's lack of production in response to the December 1 Order, the Court hereby **ORDERS** the extension of fact discovery for the limited purposes of determining compliance with the December 1 Order and for recovery of plaintiff's missing emails, as discussed *infra*. For this reason, the Court continues the pretrial conference and trial dates for **sixty (60) days**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

Alan Davis shall submit a declaration under penalty of perjury on or before **May 4, 2018**, stating (1) whether he has produced all documents required to be produced by the December 1 Order; (2) whether he determined any documents were not covered by the December 1 Order, and what these documents are; and (3) whether he has destroyed any handwritten notes, communications, or other documents concerning his investigation of defendants. On or before **May 4, 2018**, plaintiff and Davis shall provide, *in camera* to Judge Stevenson, all documents that heretofore have not been produced.

### 2.     Defendants' Request for Terminating Sanctions

With respect to defendants' motion for terminating sanctions, the Court concludes that this request is procedurally premature. The first step in requesting discovery sanctions is to seek a court order compelling the discovery sought—and the *only* sanction available at that point is an award of reasonable expenses on the motion. See Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 11:377 (The Rutter Group 2017). Importantly, "*once a court order is obtained, if the discovery is still not forthcoming, the whole panoply of Rule 37 sanctions becomes available*." See id. (emphasis added).

Although Judge Stevenson ordered production of certain communications from Davis in response to defendants' motion to compel, defendants have failed to file a motion before Judge Stevenson concerning plaintiff's compliance with the December 1 Order. Given the Court's extension of fact discovery for an additional 60 days, any further dispute concerning plaintiff's compliance with the discovery order shall be addressed before Judge Stevenson.

Regarding the deleted MASS Group and Balady emails, the proper procedure with respect to requesting Rule 37(e) sanctions would have been for defendants (1) to file a motion to compel any missing electronically store information and (2) in the event they could not obtain the missing emails from plaintiff or through a court order, to subpoena missing emails from alternate sources.[6] Because defendants have failed to engage in

---

[6]     The requisite procedural steps that are properly navigated *before* bringing a motion for terminating sanctions are demonstrated by the record at issue in Anheuser-Busch. 69 F.3d 337. After noting "significant discrepancies" in defendant's testimony and documents, the district court reopened discovery and ordered defendant to produce copies of certain tax records and to provide plaintiff with supporting documentation of these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

these procedural steps with respect to plaintiff's alleged spoliation, defendants did not bring this motion as last a resort for which a motion for terminating sanctions is properly reserved.

In light of the above considerations, the Court **DENIES** defendants' motion to dismiss for intentional spoliation. Plaintiff is hereby **ORDERED** to retrieve all deleted emails through forensic retrieval, subpoena, or other possible means, and produce all recovered emails responsive to defendants' discovery requests on or before **June 14, 2018**.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby **DENIES** defendants' motion to dismiss for spoliation of evidence. All further matters concerning compliance with this order shall be referred to Judge Stevenson.

The following dates shall be continued **sixty (60) days**:

1. Fact Discovery Cut-Off is extended to **June 29, 2018** for the limited purposes of the discovery permitted herein;

2. Pretrial Conference/Hearing on Motions in Limine (**11:00 A.M.**) is continued from June 18, 2018 to **August 20, 2018**; and

---

records. 69 F.3d 337 at 342. In response, defendant "repeatedly claimed that every single document … had been destroyed in [a] fire." Id. Afterwards, it came to light that the defendant had "long known" that the documents survived the fire and had repeatedly lied about their alleged destruction. Id. at 343. As a result, the district court dismissed defendant's counterclaim with prejudice. In affirming the district court's dismissal, the Ninth Circuit noted that "the district court implemented alternative sanctions before ordering dismissal." Id. at 352.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-08962-CAS(KSx) | Date | April 30, 2018 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

3. Jury Trial (**9:30 A.M.**) is continued from July 10, 2018 to **September 11, 2018**.

IT IS SO ORDERED.

|  | 00 | : | 28 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |