# REDACTED CIVIL MINUTES – GENERAL       'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                                Not Present

**Proceedings:**    (IN CHAMBERS)

**(SEALED)** - PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY RE: DISSIMILARITY OF THE PARTIES' SOURCE CODES (Dkt. [ 273 ], filed July 23, 2018)

**(SEALED)** - PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EXPERT TESTIMONY RE: SIMILARITY OF THE NONLITERAL ELEMENTS OF THE PARTIES' SOFTWARE (Dkt. [ 274 ], filed July 23, 2018)

PLAINTIFF'S MOTION IN LIMINE NO. 3 TO PRECLUDE EVIDENCE AND ARGUMENT REGARDING SPOLIATION OF EVIDENCE AND SANCTIONS (Dkt. [ 343 ], filed on December 17, 2018)

PLAINTIFF'S MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OF EXPERT OPINIONS AND TESTIMONY NOT DISCLOSED IN DISCOVERY (Dkt. [ 344 ], filed on December 17, 2018)

DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY NOT PREVIOUSLY DISCLOSED BY PLAINTIFF'S EXPERT ERIK LAYKIN (Dkt. [ 345 ], filed on December 17, 2018)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY BY OR REFERENCE TO EVIDENCE OBTAINED BY ALAN DAVIS (Dkt. [ 346 ], filed on December 17, 2018)

DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE WITNESSES AND EVIDENCE NOT DISCLOSED (Dkt. [ 347 ], filed on December 17, 2018)

## I.   INTRODUCTION

On December 2, 2016, plaintiff Manufacturing Automation & Software Systems, Inc. ("MASS Group") filed a complaint against defendants Kristopher Hughes, James Huysentruyt, Informatrac, Inc., PcVue, Inc., Edward Nugent, and Does 1–10 (collectively, "defendants"). Dkt. 1. On January 31, 2017, plaintiff filed the operative first amended complaint. Dkt. 27 ("FAC"). Plaintiff asserts the following claims: (1)–(8) copyright infringement of eight copyrighted works against all defendants; (9) violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq., against Hughes and Huysentruyt; (10) violations of California's Computer Data Access and Fraud Act, Cal. Penal Code § 502, against Hughes and Huysentruyt; (11) misappropriation of trade secrets in violation of California's Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426 et seq., against all defendants; (12) breach of contract against Hughes and Huysentruyt; (13) interference with prospective economic advantage against Hughes, Huysentruyt, and InformaTrac; (14) fraud and deceit against Hughes and Huysentruyt; (15) conversion against Hughes, Huysentruyt, and Does 1–10; (16) diversion of corporate opportunities against Hughes and Huysentruyt; and (17) accounting against all defendants. Id.

On July 23, 2018, plaintiff filed two motions in limine to (1) exclude any evidence by defendants' expert offered to prove dissimilarity of the parties' source codes, dkt. 273 ("MIL 1"), and (2) to exclude any evidence by defendants' expert on the issues of similarity of the nonliteral elements of the parties' software, dkt. 274 ("MIL 2"). On July 30, 2018, defendants filed oppositions to each motion. Dkts. 283 ("Opp'n 1"), 284 ("Opp'n 2").

On December 17, 2018, plaintiff filed two additional motions in limine to (1) preclude evidence and argument regarding spoliation of evidence and sanctions, dkt. 343 ("MIL 3"), and (2) to exclude preclude evidence of expert opinions and testimony not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

disclosed during discovery, dkt. 344 ("MIL 4"). Defendants filed oppositions to these motions on December 24, 2018. Dkts. 355 ("Opp'n 3"), 357 ("Opp'n 4").

On December 17, 2018, defendants also filed three motions in limine to (1) exclude expert testimony not previously disclosed by plaintiff's expert Erik Laykin, dkt. 345 ("MIL 5"), (2) to exclude any testimony by or reference to evidence obtained by Alan Davis, dkt. 346 ("MIL 6"), and (3) to exclude witnesses and evidence not disclosed, dkt. 347 ("MIL 7"). Plaintiff filed opposition briefs on December 28, 2018. Dkts. 360 ("Opp'n 5"), 361 ("Opp'n 6"), 362 ("Opp'n 7").

Having carefully considered the parties' arguments and supporting declarations, the Court finds and concludes as follows.

## II. BACKGROUND

The Court provides a brief background of certain previous motions and discovery disputes, as they are relevant to the instant motions.

Plaintiff developed and sells a software product that may be used for tracking and tracing inventory and other assets of a business or other entity. Dkt. 179-28 ("DSUF") no. 1; FAC ¶¶ 1–2. This software program is known as "Traceability Made Easy," or "TME." DSUF no. 1 & Ex. 1, Deposition of Shaunna Balady at 85:18–86:2. Plaintiff asserts that each defendant copied the TME software to produce, market, and sell a counterfeit version, InformaTrac Pro ("InformaTrac"), to plaintiff's current or potential customers. . DSUF no. 2; FAC ¶¶ 51–194.

On March 28, 2017, PcVue and Nugent filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction and for failure to state a claim. Dkt. 50. On May 8, 2017, the Court denied the motion to dismiss. Dkt. 53.

On March 30, 2018, defendants filed a motion for terminating sanctions. Dkt. 154 ("Term. Mot."). Defendants alleged that, during depositions, they became aware that plaintiff improperly omitted certain documents and emails from plaintiff's discovery disclosures. Id. at 1. Defendants further claimed spoliation, alleging (1) that plaintiff wrongfully accelerated the rate at which plaintiff deleted emails from its server after plaintiff anticipated this litigation, resulting in the loss of relevant documents, and (2) that plaintiff and its investigator, Alan Davis, failed to preserve and produce emails and other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

documents pertaining to Davis' investigation of defendants' software. Id. at 3, 5 – 8. The Court denied defendants' motion on April 30, 2018. Dkt. 194 ("April Order") at 12. However, the Court ordered the extension of fact discovery for the limited purposes of determining plaintiff's compliance with its discovery obligations and for the recovery of plaintiff's missing emails. Id. at 10. The Court also ordered that all future disputes concerning plaintiff's compliance with discovery orders should be addressed to the Magistrate Judge. Id. at 11.

On April 13, 2018, defendants filed a motion for partial summary judgment. Dkt. 178. On June 25, 2018, the Court denied defendants' motion for partial summary judgment. Dkt. 256.

On April 13, 2018, defendants filed a motion to exclude plaintiff's expert, Erik Laykin. Dkt. 181. The Court denied defendants' motion to exclude plaintiff's expert. Dkt. 256.

On July 13, 2018, defendants file a new motion for sanctions for spoliation. Dkt. 271 ("Sanc. Mot"). Defendants argued that plaintiff failed to comply with this Court's April 30 Order, which caused "overwhelming prejudice" to defendants. Id. at 1, 17. On August 20, 2018, the Magistrate Judge granted in part and denied in part defendants' motion. Dkt. 307 ("Sanc. Order"). The Magistrate Judge found that plaintiff and its counsel "wholly failed to preserve relevant evidence" and that plaintiff failed to comply with this Court's April 30, 2018 order. Id. at 15, 18 – 20. Accordingly, having found that spoliation of electronic materials occurred, the Magistrate Judge awarded defendants monetary sanctions, pursuant to Federal Civil Procedure Rule 37. Id. at 23, 27. The Magistrate Judge found that monetary sanctions, as opposed to defendants' request for dismissal, was appropriate under Rule 37, particularly given the policy favoring disposition of litigation on the merits. Id. at 27 – 28.

Now before the Court are the seven motions in limine filed by plaintiff and defendants.

## III. LEGAL STANDARD

A motion in limine is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | REDACTED CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## IV. DISCUSSION

### A. Plaintiff's Motion in Limine To Exclude Expert Testimony Regarding The Dissimilarity Of The Parties' Source Codes

Plaintiff asks the Court to exclude any testimony, evidence, or argument that defendants' expert, Cory Plock, may offer at trial with respect to any comparison, similarity, or dissimilarity of the parties' source codes for the software at issue in this litigation. MIL 1 at 2.

Defendants provided seven different code "snapshots" of InformaTrac, dated between April 12, 2016 and November 17, 2017, for Plock's review. Dkt. 180–5, Plock Expert Report ¶ 13. Plaintiff argues that in Plock's opening report dated January 19, 2018, Plock did not address the first six versions of InformaTrac and failed to compare any of these versions to plaintiff's source codes. Id. Plaintiff argues that "each of those first six versions of defendants' source code, its production, marketing and demonstration by defendants, is a separate copyright infringement of [p]laintiff's copyrighted software," and as such, Plock's failure to compare *any* of those first six versions to plaintiff's software "renders his conclusions legally defective and inadmissible." Id. at 3–4 (citing Sega Enterprises Ltd. v. Accolade, Inc., 977 F.2d 1510 (9th Cir. 1992)). Plaintiff argues that the admission of Plock's testimony on the issue of similarity would be "overly prejudicial to [p]laintiff, would substantially confuse the jury, and should be excluded under FRE 403," particularly because any testimony on whether the first six versions of the source code are similar to TME would be without factual or legal basis. Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **REDACTED CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

In opposition, defendants argue that plaintiff failed to meet and confer in violation of Local Rule 7–3.[1] Opp'n 1 at 5. Next, defendants argue that insofar as plaintiff raises a genuine issue with respect to the snapshots that Plock reviewed, such an issue would go to the weight and not to the admissibility of his expert opinion. Id. at 1, 3–4.

Nevertheless, defendants also argue that Plock's analysis [REDACTED]. Id. at 1–2 (citing Plock Expert Report ¶ 13). Defendants assert that plaintiff's own expert, Erik Laykin, failed to perform the kind of comparison that plaintiff alleges is missing from Plock's report. Id. at 3. Defendants contend that in the five reports Laykin submitted, [REDACTED].

As an initial matter, the Court notes that Plock explained [REDACTED] See Dkt. 180–5 ¶ 13. In a declaration submitted in support of defendants' opposition to the instant motion, Plock further explains that [REDACTED]. Dkt 295, Declaration of Cory Plock ("Plock Declaration") ¶¶ 3–7. As such, Plock asserts [REDACTED]. Id. ¶ 8.

The Court also observes that plaintiff's expert, Eric Laykin, [REDACTED]. See Dkt. 215–1 ¶¶ 10–11. Laykin alleges that defendants [REDACTED].[2] Id. Therefore, the record does not demonstrate—and Laykin allegedly could not verify—[REDACTED].

---

[1] The Court declines to deny plaintiff's motion for failure to comply with L.R. 7–3, although it (1) admonishes all parties to abide by the Local Rules in future proceedings, and (2) warns all parties that failure to meet and confer prior to filing motions constitutes grounds for denial of a motion or imposition of other monetary or non-monetary sanctions. See id.

[2] [REDACTED], it appears that plaintiff sought printouts of portions of these snapshots in a request for production before the Magistrate Judge. Dkt. 158. Judge Stevenson denied plaintiff's request, ordering instead that defendant provide plaintiff with limited portions of printed source code, which was ordered to include "representative portions from all seven versions of the InformaTrac source code." See dkt. 163. In the event that plaintiff was dissatisfied with Judge Stevenson's order, plaintiff did not seek review of that order before this Court. Furthermore, in the event that plaintiff was dissatisfied with defendants' labeling—or lack thereof—of the printouts ultimately provided, such that plaintiff was unable to identify which "snapshots" the printouts were from, plaintiff did not move to compel this identifying information from defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **REDACTED CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

Given the foregoing, to the extent Plock will testify as to the opinions set forth in his expert report, including the reasons that he did not review or compare the prior snapshots, his testimony will be allowed. However, it remains unclear as to whether plaintiff will seek to advance a theory of intermediate copying.³ While this theory may be late and subject to exclusion, the record does not enable the Court to reach any conclusion as to the viability of the theory at this juncture. To the extent intermediate copying becomes an issue in this case, then defendants' expert may be able to provide detailed testimony to rebut claims of intermediate copying. Inasmuch as none of these contentions has been set forth by the parties, the Court reserves judgment on the present motion and **DENIES** it without prejudice.

### B. Plaintiff's Motion In Limine To Exclude Expert Testimony Regarding The Similarity Of The Nonliteral Elements Of The Parties' Software

Plaintiff next requests that the Court exclude any testimony, evidence, or argument that Plock may offer at trial regarding any comparison, similarity, or dissimilarity of any of the nonliteral elements of the parties' respective software programs. MIL 2 at 2. Plaintiff argues that Plock's report fails to analyze any of the screenshots of the parties' software, and instead [REDACTED]. Id. at 3.

In opposition, defendants contend that plaintiff's motion should be denied insofar as plaintiff never met and conferred with defendants in violation of Local Rule 7–3.⁴ Opp'n 2 at 1. Defendants also argue that Plock [REDACTED]. Id. at 3 (citing Dkt. 180–6, Plock Rebuttal Report ¶¶ 8–38). Defendants further argue that even if Plock had ignored the screenshots, his choice as a well-credentialed and informed software expert to analyze certain evidence and not others goes to the weight, not the admissibility, of his opinions. Id. at 4 (citing Wang v. Chinese Daily News, Inc., No. 05-cv-1498, 2007 WL 4355187, at *1 (C.D. Cal. Aug. 3, 2007)).

The Court has reviewed Plock's rebuttal report, see Dkt. 180-6, and observes that [REDACTED]. Id. ¶¶ 24–38. As such, the Court **DENIES** plaintiff's motion to exclude any testimony, evidence, or argument that Plock may offer at trial regarding any

---

³ As the Court noted in its June 25, 2018 order, the "viability of plaintiff's intermediate copying theory remains undetermined." Dkt. 256 at 23.

⁴ As noted in *supra*, the Court declines to deny plaintiff's motion for failure to comply with L.R. 7–3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES – GENERAL**　　'O'

| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

comparison, similarity, or dissimilarity of the nonliteral elements of InformaTrac and TME.

### C. Plaintiff's Motion In Limine To Preclude Evidence And Argument Regarding Spoliation Of Evidence And Sanctions

Plaintiff next moves to preclude all evidence and argument concerning the Magistrate Judge's order finding spoliation of evidence and awarding sanctions, along with evidence of other discovery disputes. MIL3 at 3. Plaintiff argues that it has already paid sanctions for spoliation, and that "to allow defendants to continue to raise these issues before the jury would mislead the jury and unduly prejudice [plaintiff]." Id. at 5. Plaintiff also argues that this evidence does not address the merits of the case. Id. at 3 – 4. In opposition, defendants clarify that they do not seek an adverse inference instruction, but "simply want to be able to present evidence to the jury of plaintiff's spoliation, so the jury may draw its own conclusions about what that means." Opp'n 3 at 2. Defendants argue that the Advisory Committee Notes to Rule 37(e) expressly allow parties to "present evidence to the jury concerning the loss and likely relevance of information." Id. (quoting Advisory Committee Note to 2015 Amendment).

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009). Rule 37(e) of the Federal Rules of Civil Procedure establishes the necessary findings to support certain curative measures for spoliation of electronically stored information. Fed. R. Civ. P. 37. This Rule was amended in 2015 to "foreclose[] reliance on inherent authority or state law to determine when certain measures should be used" to address spoliation of electronically stored information. See Fed. R. Civ. P. 37(e), Advisory Committee Note to 2015 Amendment. Instead, Rule 37(e) provides the following:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> > (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | REDACTED CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

    (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

        (A) presume that the lost information was unfavorable to the party;

        (B) instruct the jury that it may or must presume the information was unfavorable to the party; or

        (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

    As defendants note, the Advisory Committee Notes to Rule 37(e) specify that while adverse inference instructions or dismissal are only warranted where a party "acted with the intent to deprive," Rule 37(e)(2) "would not prohibit a court from allowing the parties to present evidence to the jury concerning the loss and likely relevance of information and instructing the jury that it may consider that evidence, along with all the other evidence in the case, in making its decision." Fed. R. Civ. P. 37(e), Advisory Committee Note to 2015 Amendment. However, the Court finds that defendants misinterpret in what instances a party may present such evidence. The Notes explain that, "these measures" – namely the ability to present evidence of the loss to the jury – "would be available under subdivision (e)(1) *if no greater than necessary to cure prejudice*." Id. (emphasis added). Accordingly, a parties' ability to present such evidence of spoliation is permissible as a curative remedy under Rule 37(e)(1), as needed to cure prejudice. Id.

    The cases that defendants cite illustrate that presenting evidence of spoliation to the jury is a remedy, not an automatic right, under Rule 37(e). In Nuvasive, Inc. v. Madsen Med., Inc., No. 13-CV-2077 BTM (RBB), 2016 WL 305096 (S.D. Cal. Jan. 26, 2016), the parties were permitted to present evidence of spoliation because it was the curative remedy for the spoliation found appropriate and awarded by the NuVasive court. As the court explained, "*[i]nstead* of giving an adverse inference instruction, the Court *will allow* the parties to present evidence to the jury regarding the loss of electronically stored information and the likely relevance of that information, and will instruct the jury that the jury may consider such evidence along with all other evidence in the case in making its decision." Id. at 3 (emphasis added). The same was true in Matthew Enter., Inc. v. Chrysler Grp. LLC. No. 13-CV-04236-BLF, 2016 WL 2957133, at *5 (N.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | REDACTED CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

May 23, 2016) (allowing defendant to "present evidence and argument about [plaintiff's] spoliation of customer communications" as a curative remedy for plaintiff's spoliation).[5]

In this case, the Magistrate Judge awarded monetary sanctions as a curative remedy for plaintiff's spoliation. Sanc. Mot. at 27 – 28. Defendants did not file a motion for reconsideration of the Magistrate Judge's finding. At this juncture, the Court will not allow defendants to inform the jury of Magistrate Judge's finding of sanctions and "to present evidence to the jury of plaintiff's spoliation." Opp'n 3 at 2. It would be improper to provide an additional remedy, in addition to the sanction awarded by the Magistrate Judge.

Accordingly, to the extent that plaintiff seeks to exclude evidence regarding the Magistrate Judge's spoliation finding and sanction, plaintiff's motion is **GRANTED**. Importantly, however, while the Court hereby excludes any evidence of the Magistrate Judge's spoliation finding and sanctions award, that does not preclude defendants from identifying for the jury any missing documents that may pertain to plaintiff's claim. At trial, defendants are also entitled to inquire into plaintiff's document retention policies, changes to those policies, as well as into plaintiff's failure to comply with plaintiff's own document retention policies and the reasons for this lack of compliance. This information is relevant to the merits and burden of persuasion of this case. Plaintiff's may also make inquiries concerning plaintiff's document retention policies, changes to those policies, as well as to plaintiff's failure to comply with plaintiff's own document retention policies, and the reasons for this lack of compliance.

---

[5] Defendants also cite In Clear-View Techs., Inc. v. Rasnick, No. 13-CV-02744-BLF, 2015 WL 3453529 (N.D. Cal. May 29, 2015), in support of their position that they may present evidence of spoliation. Opp'n at 4. However, in that case, the court found evidence of document deletion was admissible pursuant to the Federal Rule of Evidence 401 because it was relevant to merits of the conspiracy alleged in that case. Id. at 2 ("Evidence that Mr. Berg destroyed evidence regarding his conduct is undoubtedly probative of Mr. Berg's consciousness of guilt regarding the alleged conspiracy."). Here, defendants have alleged no comparable conspiracy claim against plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

**D.    Plaintiff's Motion In Limine To Preclude Evidence Of Expert Opinions And Testimony Not Disclosed In Discovery**

Pursuant to Federal Rule of Civil Procedure 37, plaintiff moves to preclude expert opinions and testimony from defendants' experts that have not been disclosed in defendants' Rule 26 reports. MIL 4 at 2. Plaintiff identifies no specific testimony for the Court to exclude, but identifies two expert reports from defendants' expert Dr. Cory Plock, the January 19, 2018 report and the February 20, 2018, and argues that no other reports and/or opinions should be allowed. Id. at 3 – 4. In response, defendants do not contest that future reports should be excluded, but note that plaintiff omitted a declaration provided by Plock on July 30, 2018. Opp'n at 1. Defendants filed the declaration in conjuncture with defendants' opposition to plaintiff's second motion in limine, and defendants argue that because Plock provided this declaration "during the discovery process or in writing," defendants may use this information at trial. Opp'n 4 at 4 (citing Fed. R. Civ. Pro. 26(e)(1)(A)).

As a preliminary matter, although plaintiff does not expressly contest the admissibility of Plock's July 30, 2018 Declaration, the Court first concludes that defendants may rely on the declaration at trial. Dkt. 286 ("Plock Decl."). Although it was filed after the expert report cut-off of April 12, 2018, this declaration does not appear to present new opinions about the source code, but primarily clarifies Plock's prior reports, explaining more details about his methodology. Id. Additionally, under Rule 37, a party may use information or witnesses which it failed to disclose under Rule 26 where "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, plaintiff has not alleged that it has suffered any harm from Plock's July Declaration, and in light of the fact that the declaration was filed nearly seven months in advance of trial, the Court finds that plaintiff cannot allege any prejudice. Had plaintiff felt the need, it could have requested an opportunity to depose Plock after receiving Plock's declaration. It did not.

With regard to plaintiff's instant motion to preclude future expert disclosures, the Court first underscores that the expert disclosures filed pursuant to Rule 26 govern the opinions and testimonies that the experts in this case will offer. However, as noted, Rule 37 and Rule 26 permit an expert of offer undisclosed evidence in certain circumstances. See Fed. R. Civ. P. 37(c)(1); 26(a)(1)(A)(i) & (3)(A). The Court thus finds that plaintiff's motion in limine is premature. Without specific offerings of new evidence, the Court cannot deduce what future expert evidence may or may not be admissible under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

Federal Rules. Moreover, "motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). Accordingly, plaintiff's motion in limine is **DENIED** *without prejudice.*

### E. Defendants' Motion In Limine To Exclude Expert Testimony Not Previously Disclosed By Plaintiff's Expert Erik Laykin

Defendants similarly move to preclude testimony from plaintiff's expert Erik Laykin that has not been disclosed pursuant to Rule 26. MIL 5 at 5. Plaintiff responds that it does not anticipate offering additional opinions from Laykin, except in the event that Laykin must rebut any new evidence offered defendants' witnesses. Opp'n 5 at 4.

The Court repeats that the Rule 26 disclosures will govern the expert opinions and testimony offered in this case. However, given the possibility of appropriate exceptions to Rule 26 disclosures, the Court finds defendants' motion premature, and accordingly **DENIES** the motion *without prejudice*.

### F. Defendants' Motion In Limine To Exclude Any Testimony By Or Reference To Evidence Obtained By Alan Davis

In their next motion in limine, defendants move to exclude all evidence obtained through the investigation led by Alan Davis, a private investigator retained by plaintiff, and to exclude Davis' testimony. MIL 6 at 1. Defendants argue that evidence from Davis' investigation should be excluded because Davis violated the California Rule of Professional Conduct 4.2 when Davis assumed the identify of a potential customer for the purpose of gaining information and admissions from defendants. Id. Defendants also argue that the evidence acquired by Davis should be excluded because Davis worked as an investigator without a license. Id. 4.

In opposition, plaintiff notes that the Magistrate Judge previously found that Davis did not require a license for the informal investigation he conducted. Opp'n 4 (citing Dkt. 106 ("Disc. Order") at 4). Moreover, plaintiff notes that defendants' motion is overly-broad because it does not identify specific evidence to exclude, and plaintiff argues that defendants could have, and should have, sought this relief from the Magistrate Judge when defendants argued for complete dismissal. Id. at 2. "The InformaTrac Defendants' effort to have the Court order now, without sufficient factual or legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **REDACTED CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

foundation, relief which they could have but did not request from Magistrate Judge Stevenson, [is] highly inappropriate." <u>Id.</u> at 3.

As an initial matter, while defendants continue to argue that evidence obtained by Davis should be excluded on the grounds that he was an unlicensed investigator, the Court notes that the Magistrate Judge previously concluded that there was no licensing requirement. Disc. Order at 4 ("[N]either party cites any authority from this circuit holding that an informal undercover investigation such as occurred here in the context of this intellectual property litigation requires a private investigator's license and the Court is aware of none."). Neither party sought review of the Magistrate Judge's order.

California Rule of Professional Conduct 4.2, the "no-contact rule," provides that "[i]n representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person *the lawyer knows* to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." CA ST RPC Rule 4.2. While the California Rules of Professional Conduct Rule govern lawyers, and while Davis is not an attorney, under Rule 5.3, a lawyer is responsible for the conduct of a non-lawyer if the lawyer, *inter alia*, directs and/or ratifies the unethical conduct of the non-lawyer. CA ST RPC Rule 5.3(2). As defendants note, the Magistrate Judge previously heard allegations of Davis' violation of the no-contact rule. <u>See</u> Disc. Order at 3. The Magistrate Judge found that plaintiff's attorney knew of Davis' pretextual conversations with defendants' sales team, and stated that "the Court [had] serious concerns whether a possible breach of the no-contact rule occurred when Davis contacted represented parties—whether at the direction of Plaintiff's counsel or simply with his knowledge." <u>Id.</u> at 2. She also acknowledged defendants' request to exclude evidence obtained by Davis, but declined to do so. <u>Id.</u> at 23 ("Defendants contend that if a breach of the no-contact rule occurred, the 'proper remedy, at least, would be to exclude any information that Davis obtained through his improper and unlicensed contacts.' (Motion at 15). However, an order to exclude evidence is not the same as finding a waiver of the attorney client privilege and is also not the subject of the pending Motion.").

This Court also declines to exclude the evidence obtained by Davis and his testimony. On the record before the Court, there is insufficient evidence to sustain a finding that an ethical violation occurred. <u>See</u> <u>In re Morse</u>, 11 Cal. 4th 184, 206 (1995), as modified (Nov. 16, 1995) (noting that disciplinary findings require clear and convincing evidence). While the Magistrate Judge previously found that plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

counsel must have been aware of Davis' investigation, disc. order at 21, she did not conclusively find that an ethical violation occurred, and defendants present no evidence that plaintiff's counsel's retained and/or directed Davis.

In addition, even if the alleged ethical violation occurred, defendants' requested remedy would be overly-broad and improper. Defendants have an affirmative duty to produce some relevant evidence, pursuant to its Rule 26 discovery obligations. See Fed. R. Civ. P. 26(1)(ii). The Court, therefore, could not parse what evidence obtained from Davis' investigation would otherwise have been required to be produced by defendants. It would be impossible to draw the line.

Accordingly, defendants' motion to exclude evidence obtained by and testimony from Davis is **DENIED.** However, as indicated at oral argument, defense counsel may ask Davis questions, to the extent relevant, regarding Davis' work, the instructions he received from plaintiff and/or plaintiff's counsel, and Davis' conversations with plaintiff's counsel. Still, to the extent that defense counsel aims to establish unethical conduct, the Court remains disinclined to strike evidence, particularly in light of the fact that there was no motion to review the Magistrate Judge's prior rulings on this topic. The Court also notes that if it were to consider a motion to strike, the Court would be required to conduct a mini trial on whether particular evidence acquired during Davis' investigation was also properly obtained through another source, which would unduly delay proceedings at trial.

### G. Defendants' Motion In Limine To Exclude Witnesses And Evidence Not Disclosed

In its final motion in limine, defendant moves to exclude all witnesses and evidence plaintiff failed to disclose pursuant to Rule 26. MIL 7 at 2 ("[A]ny information subject to plaintiff's disclosure obligation which has not been disclosed must be excluded."). Plaintiff argues that the Court should not broadly rule to exclude evidence because, in certain circumstances, plaintiff may still present evidence in accordance with the federal rules. Opp'n 7 at 4 (noting that Rule 26(a)(1)(A)(i) & (3)(A) exempts evidence for impeachment from the initial and pretrial disclosure requirements).

The Court recognizes that plaintiff may present impeachment and rebuttal evidence in accordance with the Rule 26 and Rule 37. Otherwise, the Court hereby **GRANTS**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | January 15, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

defendants' motion to exclude all witnesses and evidence not disclosed in accordance with the parties' scheduling order.

## V.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motions in limine (1) to exclude expert testimony regarding the dissimilarity of the parties' source codes; (2) to exclude expert testimony regarding similarity of the nonliteral elements of the parties' software; and (3) to preclude evidence of expert opinions and testimony not disclosed in discovery.

The Court **GRANTS** plaintiff's motion to preclude evidence and argument regarding spoliation of evidence and sanctions.  However, without referencing the spoliation finding and sanctions, defendants may provide an offer of proof at oral argument concerning any evidence it seeks to present about missing emails and/or documents.

The Court **DENIES** defendants' motion in limine to exclude expert testimony not previously disclosed by plaintiff's expert Erik Laykin.

The Court **GRANTS** defendants' motion to exclude witnesses and evidence not disclosed, provided that such witnesses and evidence are not exempted by initial and pretrial disclosure rules under Rule 26 and Rule 37.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |