# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | February 14, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. v. KRISTOPHER HUGHES, ET AL. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - ADMISSIBILITY OF COPIES OF PLAINTIFF'S CERTIFICATES OF COPYRGIHT

On February 12, 2019, plaintiff Manufacturing Automation & Software Systems, Inc. ("MASS Group") moved to admit into evidence copies of its certificates of copyright, marked as exhibits 91, 218, 219, 220, 221, 222, 223. Defendants Kristopher Hughes, James Huysentruyt, Informatrac, Inc., PcVue, Inc., and Edward Nugent (collectively, "defendants") objected on the basis that they were copies of the copyright certificates, as opposed to the original public documents.

The Court hereby admits these exhibits. To authenticate an item of evidence, the offering party "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. "A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate," Fed. R. Evid. 1003, and a photocopy constitutes a "duplicate" for the purposes of this rule, Fed. R. Evid. 1001(4). See United States v. Hampton, 464 F.3d 687, 690 (7th Cir. 2006) (holding that photocopies of certificates of insurance were admissible); see also Siegel v. Warner Bros. Entm't Inc., 542 F. Supp. 2d 1098, 1121 (C.D. Cal. 2008), rev'd on other grounds sub nom. Larson v. Warner Bros. Entm't, 504 F. App'x 586 (9th Cir. 2013) (finding that photocopies of copyright registration certificates were admissible under Federal Rule of Evidence 902(1)); Grand Upright Music Ltd. v. Warner Bros. Records, 780 F. Supp. 182, 184 (S.D.N.Y. 1991) (same).

Here, plaintiff identifies these photocopies as duplicates of the original certificates of copyright, and defendants raise no genuine questions regarding the original certificates' authenticity. The Court thus finds the copies of the certificates admissible to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-08962-CAS-KSx | Date | February 14, 2019 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. v. KRISTOPHER HUGHES, ET AL. | | |

the same extent as the original. These certificates are evidence only that the copyrights covered by the registrations are valid and that plaintiff owns them.  Plaintiff nonetheless bears the burden of proving the meaning of the titles of the registered works listed in the certificates, and the attachments to the certificates.

     IT IS SO ORDERED.

                                                                                                       00 : 00

                                                           Initials of Preparer      CMJ