## CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:16-cv-08962-CAS-KSx | Date | June 3, 2019 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Kirk Hallam       Greg Nylen

**Proceedings:**   DEFENDANTS' MOTION FOR ATTORNEY FEES (Dkt. 437, filed April 17, 2019)

PLAINTIFF'S MOTION FOR ATTORNEY FEES AND MOTION FOR DETERMINATION OF PREVAILING PARTY (Dkt. 438, filed April 17, 2019)

PLAINTIFF'S MOTION TO ALTER JUDGMENT (Dkt. 452, filed May 1, 2019)

## I.    INTRODUCTION AND BACKGROUND

This action concerns two employees who allegedly stole proprietary information from their employer to start a new, competing business. Plaintiff Manufacturing Automation & Software Systems, Inc. ("MASS Group") developed and sold a software product that is used for tracking and tracing inventory and other assets of a business or other entity. Defendants Kristopher Hughes and James Huysentruyt, while still employed at MASS Group, allegedly started a new business called InformaTrac, Inc. ("Informatrac") and worked with Ed Nugent and PcVue, Inc. ("PcVue") to copy plaintiff's software and market it to plaintiff's customers.

On December 2, 2016, plaintiff filed a complaint against defendants Kristopher Hughes, James Huysentruyt, Informatrac, PcVue, Edward Nugent, and Does 1–10 (collectively, "defendants"). Dkt. 1. On January 31, 2017, plaintiff filed the operative first amended complaint. Dkt. 27 ("FAC"). Plaintiff asserted the following claims: (1)–(8) copyright infringement of eight copyrighted works against all defendants; (9)

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-08962-CAS-KSx | Date | June 3, 2019 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq., against Hughes and Huysentruyt; (10) violations of California's Computer Data Access and Fraud Act, Cal. Penal Code § 502, against Hughes and Huysentruyt; (11) misappropriation of trade secrets in violation of California's Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code §§ 3426 et seq., against all defendants; (12) breach of contract against Hughes and Huysentruyt; (13) interference with prospective economic advantage against Hughes, Huysentruyt, and InformaTrac; (14) fraud and deceit against Hughes and Huysentruyt; (15) conversion against Hughes, Huysentruyt, and Does 1–10; (16) diversion of corporate opportunities against Hughes and Huysentruyt; and (17) accounting against all defendants. Id.

On March 28, 2017, PcVue and Nugent filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction and for failure to state a claim. Dkt. 50. On May 8, 2017, the Court denied the motion to dismiss. Dkt. 53. On April 13, 2018, defendants filed a motion for partial summary judgment, dkt. 178, which the Court denied on June 25, 2019, dkt. 256.

The trial commenced on February 5, 2019, and was tried to a jury for seven days. At trial, plaintiff provided evidence suggesting that Hughes took two hard drives containing plaintiff's propriety information after he left MASS Group and never returned them, and that Hughes and Huysentruyt's new business, InformaTrac, was operational within a week of their departure from MASS Group. Plaintiff also contended that many aspects of InformaTrac's software were similar, if not identical, to MASS Group's software. Plaintiff devoted his case-in-chief almost entirely to establishing that defendants misappropriated its proprietary information and put on little evidence of damages. Moreover, plaintiff did not ask for nominal damages nor did it preserve its right in the pretrial conference order to seek injunctive relief or royalties at the close of trial. Dkt. 379. Plaintiff also failed to present any evidence at trial that would support an award of royalties.

On February 14, 2019, the jury returned a verdict for the defendant on some claims and for plaintiff on other claims but awarded no damages. Dkt. 410 ("Verdict"). Notably, the jury found that Hughes, Huysentruyt, InformaTrac, and Nugent misappropriated plaintiff's trade secrets and that they did so willfully or maliciously. Id. at 17–18. The jury also found that Hughes and Huysentruyt breached their nondisclosure agreements with plaintiff, id. at 20, that they interfered with plaintiff's prospective

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | June 3, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

economic advantage and diverted corporate opportunities belonging to plaintiff, id. at 22, 30, and that they committed fraud, id. at 24. The parties then submitted briefs regarding the proper form of judgment. See Dkts. 420, 421, 423, 424. The Court subsequently issued a minute order and explained that judgment should be entered for the defendants, notwithstanding the jury's findings in favor of plaintiff with respect to liability, because plaintiff was required to prove damages or otherwise obtain some remedy to prevail on its claims. Dkt. 432. The Court subsequently entered judgment in favor of the defendants on all plaintiff's claims. Dkt. 433. On April 29, 2019, plaintiff filed a notice of appeal to the Ninth Circuit of the Court's minute order and entry of judgment in favor of defendants. Dkt. 451.

On April 17, 2019, defendants filed a motion for attorney fees and non-taxable costs. Dkt. 437 ("D. Mot."). Plaintiff also filed a motion for attorney fees and determination of prevailing party on April 17, 2019. Dkt. 438 ("P. Mot."). The parties filed their respective opposition briefs on May 14, 2019. Dkt. 455; Dkt. 457 ("D. Opp'n"). Plaintiff filed a corrected opposition brief on May 15, 2019. Dkt. 460 ("P. Opp'n"). Plaintiff filed a reply on May 21, 2019, dkt. 466 ("P. Reply"), as did defendants on May 22, 2019, dkt. 467 ("D. Reply").

The Court held a hearing on June 3, 2019. Having carefully considered the parties' arguments and supporting declarations, the Court finds and concludes as follows.

## III. DISCUSSION

Defendants seek attorneys' fees as the prevailing party with respect to plaintiff's claims for copyright infringement, breach of contract, violation of California Penal Code section 502, and misappropriation of trade secrets in violation of CUTSA. Plaintiff, however, contends that it is the prevailing party with respect to its trade secret and breach of contract claims and seeks attorneys' fees accordingly. The Court analyzes below whether either party is entitled to attorneys' fees with respect to each relevant claim.[1]

---

[1]    While the Court does not have jurisdiction over the matter on appeal—the entry of judgment against the plaintiff—the Court does have jurisdiction to decide attorneys' fees. See Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983).

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 2:16-cv-08962-CAS-KSx | Date | June 3, 2019 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

And as an initial matter, the Court observes that this case was hard-fought and that both sides engaged in contentious conduct which unnecessarily increased the attorneys' fees incurred by both sides. Throughout their motion, defendants repeatedly contend that they should be awarded attorneys' fees as a result of plaintiff's bad faith tactics throughout this litigation. Although the Court agrees that plaintiff did not engage in model conduct, the Court has also admonished defendants about their own scorched earth tactics. See e.g., Dkt. 457-2, Ex. 13, 18:1–7 ("I also understand that the defendants think they have done nothing wrong, but on the [other] hand, the defendants are trying to play a game of gotcha at some level."); id. Ex. 16, 8:22–9:1 ("There seems to be a desire not to litigate this case on its merits, but rather litigate it based on forfeiture. So I get very tired of seeing statement after statement designed to strike an expert, to strike a defense, to strike people. It's just not the way we litigate things here."). In light of the contentious nature of this litigation and the role that defendants' aggressive tactics played in increasing their fees, the Court is unpersuaded by defendants' arguments about plaintiff's bad faith and declines to award any attorneys' fees to defendants on that ground.

### A.   The Copyright Act

Plaintiff brought eight claims for copyright infringement against each of the five defendants. The jury returned a verdict in favor of the defendants on these claims. Section 505 of the Copyright Act provides that a "court may [ ] award a reasonable attorney's fee to the prevailing party . . ." 17 U.S.C. § 505. When deciding to award attorneys' fees pursuant to section 505, courts look at five non-exclusive factors: "(1) degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." Seltzer v. Green Day, Inc., 725 F.3d 1170, 1180–81 (9th Cir. 2013) (citing Fogerty v. Fantasy, 510 U.S. 517, 533 (1994)). Defendants seek attorneys' fees under the Copyright Act as the prevailing parties with respect to plaintiff's claims for copyright infringement.

Although the first Fogerty factor weighs in favor of defendants because they prevailed on plaintiff's claims for copyright infringement, the Court finds that none of the other Fogerty factors weighs in favor of awarding fees to defendants. With respect to

Accordingly, the Court hereby vacates the June 17, 2019 hearing and dismisses without prejudice plaintiff's motion to alter the judgment.

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-08962-CAS-KSx | Date | June 3, 2019 |
|----------|------------------------|------|--------------|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

frivolousness, the Court observes that "a case is deemed frivolous only when the result is obvious or the arguments are wholly without merit." Perfect 10, Inc. v. Giganews, Inc., No. CV 11-07098-AB SHX, 2015 WL 1746484, at *8 (C.D. Cal. Mar. 24, 2015) (citation and internal quotation marks omitted). And a "claim is objectively unreasonable where the party advancing it 'should have known from the outset that its chances of success in th[e] case were slim to none.'" Id. at *11 (quoting SOFA Entm't, Inc. v. Dodger Prods., Inc., 709 F.3d 1273, 1280 (9th Cir. 2013)). Although plaintiff ultimately failed to prevail on its claims for copyright infringement at trial, the Court observes that it denied defendants' motion for summary judgment on those claims. Dkt. 256 at 13–20. Accordingly, the Court cannot find that plaintiff's claims for copyright infringement were either frivolous or objectively unreasonable.[2] See Tokidoki LLC v. Fortune Dynamic, No. CV 07-1923 DSF (PJWx), 2009 WL 10675360, at *2–3 (C.D. Cal. Nov. 17, 2009) (finding that the court's previous denial of the defendant's motion for summary judgment weighed strongly against a finding that the plaintiff's claim for copyright infringement was objectively unreasonable or made in bad faith).

Ultimately, "[t]he most important factor in determining whether to award fees under the Copyright Act is whether an award will further the purposes of the Act." Mattel, Inc v. MGA Entm't, Inc., 705 F.3d 1108, 1111 (9th Cir. 2013) (citation omitted). "The statute achieves that end by striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1986 (2016) (citing Fogerty, 510 U.S. at 526). "Accordingly, fee awards under § 505 should encourage the types of lawsuits that promote those purposes. [That] is why, for example, Fogerty insisted on treating prevailing plaintiffs and prevailing defendants alike—because the one could further the policies of the Copyright Act every bit as much as the other[.]" Id. Where a party asserts an unreasonable or frivolous copyright infringement claim, "[a]n award of attorneys['] fees will serve to compensate a successful copyright defense and

---

[2]     Defendants argue that plaintiff maintained its claims for copyright infringement in bad faith when it litigated these claims at trial despite having abandoned its factual and legal contention that the source code of defendants' software was copied from the source code of plaintiff's software. D. Mot. at 6–7. At hearing, counsel for plaintiff contended that he dropped certain contentions for strategic purposes and presented the best case he thought plaintiff had. The Court does not find that plaintiff's decision to abandon certain contentions demonstrates bad faith.

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | June 3, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

deter future improper conduct." BWP Media USA Inc. v. Rich Kids Clothing Co., LLC, 103 F. Supp. 3d 1242, 1248-49 (W.D. Wash. 2015). Here, the Court finds that an award of attorneys' fees to the defendant would not "advance the considerations of deterrence" because the record does not indicate that plaintiff's suit was either frivolous or unreasonable. "While the burden of defending frivolous and objectively unreasonable litigation may be deleterious to the objectives of the Copyright Act, it is not the purpose of the Copyright Act to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful." Minden Pictures, Inc. v. John Wiley & Sons, Inc., No. C-12-4601 EMC, 2014 WL 1724478, at *8 (N.D. Cal. April 29, 2014) (citation and quotations omitted).

Accordingly, the Court declines to award defendants attorneys' fees under section 505 of the Copyright Act.

### B. Computer Data Access and Fraud in Violation of California Penal Code § 502

Plaintiff brought a claim for computer data access and fraud against defendants Hughes and Huysentruyt. The jury returned a verdict finding that: (1) Hughes, but not Huysentruyt, engaged in computer fraud under section 502; and (2) plaintiff did not suffer any damages as a result of Hughes's computer fraud or abuse. Verdict at 17. Both defendants seek attorneys' fees pursuant to section 502(e)(2), which provides that "[i]n any action brought pursuant to this subdivision the court may award reasonable attorney's fees." Cal. Penal Code § 502(e)(2). Although it is unclear if attorneys' fees may be awarded to a prevailing defendant under this provision, see Physician's Surrogacy, Inc. v. German, 311 F. Supp. 3d 1190, 1195 (S.D. Cal. 2018), the Court nonetheless finds that plaintiff's section 502 claim was neither frivolous nor unreasonable and declines to award attorneys' fees to defendants under section 502(e).

### C. Misappropriation of Trade Secrets in Violation of CUTSA

Plaintiff brought a trade secrets claim against each of the five defendants. The jury returned a verdict finding that: (1) Hughes, Huysentruyt, InformaTrac, and Nugent misappropriated plaintiff's trade secrets; (2) PCVue did not misappropriate plaintiff's trade secrets; (3) plaintiff did not suffer any damages as a result of any defendants' misappropriation of plaintiff's trade secrets; (4) none of the defendants were unjustly enriched through their misappropriation of plaintiff's trade secrets; and (5) Hughes,

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-08962-CAS-KSx | Date | June 3, 2019 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

Huysentruyt, InformaTrac, and Nugent's misappropriation of plaintiff's trade secrets was willful or malicious. Verdict at 19–20.

Pursuant to CUTSA, "the court may award reasonable attorney's fees and costs to the prevailing party" when "a claim of misappropriation is made in bad faith" or "willful and malicious misappropriation exists." Cal. Civ. Code § 3426.4. Plaintiff contends that it is entitled to attorneys' fees because the jury found that Hughes, Huysentruyt, InformaTrac, and Nugent's misappropriation of plaintiff's trade secrets was willful or malicious, P. Mot. at 6, and defendants contend that they are entitled to attorneys' fees because the jury did not award any damages and because plaintiff's CUTSA claim was objectively specious and litigated in bad faith, D. Mot. at 17–19.

As CUTSA does not define "prevailing party," the Court must "analyz[e] which party [has] prevailed on a practical level." Heather Farms Homeowners Ass'n v. Robinson, 21 Cal. App. 4th 1568, 1574 (1994). With respect to its trade secrets claim, plaintiff sought: (1) damages for its lost sales revenue; (2) a temporary restraining order, preliminary injunction, and a permanent injunction enjoining defendants from using or divulging its trade secrets; (3) an order requiring defendants to turn over any of plaintiff's trade secrets in their possession; and (4) punitive damages. Dkt. 27, First Amended Complaint at 65. Plaintiff ultimately recovered nothing from the defendants and did not obtain any injunctive relief. Although plaintiff contends that the form of judgment does not control which party is the prevailing party for purposes of awarding attorneys' fees, the Court observes that plaintiff did not cite any authority wherein attorneys' fees were awarded to a plaintiff who failed to obtain any remedy at trial. The Court thus finds that plaintiff did not prevail "on a practical level" and **DENIES** plaintiff's motion for attorney's fees under CUTSA.

The Court also declines to award attorneys' fees to defendants for prevailing on plaintiff's CUTSA claim. To establish "bad faith" for purposes of awarding a prevailing defendant fees and costs under CUTSA, a defendant must show "objective speciousness of the plaintiff's claim" and "its subjective bad faith in bringing or maintaining the claim." Kim Laube & Company, Inc. v. Wahl Clipper Corporation, No. LA CV09-00914 JAK (JCx), 2014 WL 12461044, at *3 (C.D. Cal. Mar. 17, 2014) (citations omitted). The Court observes again that it denied defendants' motion for summary judgment on plaintiff's trade secrets claim. Dkt. 256 at 21–25. In light of the Court's previous ruling on defendants' motion for summary judgment, as well as the jury's finding that Hughes, Huysentruyt, InformaTrac, and Nugent misappropriated plaintiff's trade secrets and did

| CIVIL MINUTES – GENERAL | | | | 'O' |
|---|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | | Date | June 3, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | | |

so willfully or maliciously, the Court cannot find that plaintiff's claim was either objectively specious or that plaintiff acted in bad faith when it brought or maintained the claim. Accordingly, the Court **DENIES** defendants' motion for attorney's fees under CUTSA.

### D. Breach of Contract

Plaintiff brought a breach of contract claim against defendants Hughes and Huysentruyt for violating their respective nondisclosure and nonsolicitation agreements. FAC ¶ 239. Plaintiff sought general and special damages caused by Hughes's and Huysentruyt's breaches of the contract, "including lost profits of at least $1,000,000." Id. at 64. With respect to this claim, the jury returned a verdict finding that: (1) Hughes and Huysentruyt breached a contract with plaintiff; (2) plaintiff did not suffer any damages as a result of either defendant's breach of contract; and (3) plaintiff did not lose any profits as a result of either defendant's breach of contract. Verdict at 21–22. The nondisclosure agreement signed by Hughes does not contain an attorneys' fees provision. Dkt. 438-1 at 42, 43. However, the employee confidentiality and non-competition agreement signed by Huysentruyt contains the following provision:

> In the event of any lawsuit or other proceeding to enforce the provisions of this Agreement, the prevailing party shall be entitled to an award of its costs and reasonable attorney's fees incurred at all levels of proceedings.

Dkt. 438-1 at 45. All defendants seek attorneys' fees pursuant to this provision of Huysentruyt's agreement. D. Mot. at 14. Plaintiff contends that it prevailed on its breach of contract claim and seeks attorneys' fees from Huysentruyt pursuant to this provision. P. Mot. at 7.

As an initial matter, the Court finds that only Huysentruyt, and none of the other defendants, may recover attorneys' fees pursuant to Huysentrutyt's agreement. The breach of contract claim was not brought against InformaTrac, Nugent, nor PcVue; and the agreement that Hughes was alleged to have breached did not contain an attorneys' fees provision. Accordingly, the Court denies the remaining defendants' request for attorneys' fees pursuant to the attorneys' fees provision in Huysentruyt's agreement. See CytoDyn of New Mexico Inc. v. Amerimmune Pharmaceuticals, Inc., 160 Cal. App. 4th 288, 611 (2008) (finding defendants were not entitled to attorneys' fees under an agreement to which they were not a party).

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:16-cv-08962-CAS-KSx | Date | June 3, 2019 |
|---|---|---|---|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

     Section 1717 of the California Civil Code provides that "[in] any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717. The prevailing party "shall be the party who recovered a greater relief in the action on the contract," id. § 1717(b)(1), and in making this determination, "the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources," Hsu v. Abbara, 9 Cal. 4th 865, 876 (1995). When there is a mixed result—e.g., "when both parties seek relief but neither prevails or when the ostensibly prevailing party receives only a part of the relief sought," Deane Gardenhome Assn. v. Denktas, 13 Cal. App. 4th 1394, 1398 (1993)—a trial court may find that neither party prevailed on the contract for purposes of awarding attorneys' fees. Hsu, 9. Cal. 4th at 875. However, "when the results of the litigation on the contract claims are *not* mixed—that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other—the [California] Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant." Id. at 875–76. "Thus, when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law." Id. at 876.

     Plaintiff initially sought $1,000,000 in lost profits through its breach of contract claims and ultimately failed to recover any damages at trial. Although the jury found that Huysentruyt breached his confidentiality and non-competition agreement with plaintiff, Huysentruyt nonetheless prevailed on this claim because plaintiff failed to recover any relief. See Childers v. Edwards, 48 Cal. App. 4th 1544, 1547 (1996) (awarding fees to defendants on claim arising out of contract where plaintiff failed to prove damages). Plaintiff resists this conclusion and argues that, because Huysentruyt's agreement contemplated that a breach could result in nonmonetary harm and therefore be remedied by injunctive relief or specific performance, plaintiff is the prevailing party despite his failure to obtain any damages at trial. P. Mot. at 8. The Court is not persuaded because plaintiff did not obtain any remedy—including damages, injunctive relief, or specific performance—at trial. Accordingly, the Court finds that defendant Huysentruyt is entitled to attorneys' fees as the prevailing party on plaintiff's breach of contract claim.

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | June 3, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

However, the Court observes that the breach of contract claim was just one of seventeen claims asserted by plaintiff against Huysentruyt and that the attorneys' fees provision in Huysentruyt's agreement only pertains to actions brought "to enforce the provisions" of that agreement. Dkt. 438-1 at 45. "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action." Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124, 129 (1979). The apportionment of fees between contract and noncontract claims "is a matter within the trial court's discretion." Amtower v. Photon Dynamics, Inc., 158 Cal. App. 4th 1582, 1604 (2008). "A court may apportion fees even where the issues are connected, related, or intertwined." El Escorial Owners' Ass'n v. DLC Plastering, Inc., 154 Cal. App. 4th 1337, 1365 (2007).

Here, defendants have made no attempt to apportion their request for attorneys' fees and the Court cannot ascertain from the submitted records how many hours were spent on the breach of contract claim alleged against Huysentruyt. A party seeking attorneys' fees should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); see also Baldain v. Am. Home Mortg. Serv., Inc., No. CIV. S-09-0931 LKK/GGH, 2010 WL 2606666, at *9 (E.D. Cal. June 28, 2010) ("[A] party seeking fees bears the burden of showing the reasonableness of the number of hours worked in connection with the claims on which the party is entitled to fees."). Although Huysentruyt is entitled to seek attorneys' fees as the prevailing party on the breach of contract claim, he has not met his burden to allocate reasonable fees attributable to his successful defense of that claim. The Court therefore **DENIES** Huysentruyt's motion for attorneys' fees without prejudice to Huysentruyt's making a showing of fees expended only in defending the breach of contract claim.

### E. Defendants' Request to Find Plaintiff's Counsel Jointly and Severally Liable for Attorneys' Fees

Defendants contend that plaintiff's counsel "vexatiously multiplied the scope of this litigation astronomically, directed third party discovery at multiple deponents whose depositions were canceled at the last minute, refused to turn over critical documents which forced Defendants to successfully move to compel, and failed to file key pretrial documents on time through no fault of Defendants." Mot. at 25. Accordingly, defendants urge the Court to find plaintiff's counsel, Kirk Hallam, to be individually

| CIVIL MINUTES – GENERAL | | 'O' | |
|---|---|---|---|
| Case No. | 2:16-cv-08962-CAS-KSx | Date | June 3, 2019 |
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

liable under 28 U.S.C. § 1927 for any award of attorneys' fees. Id. Plaintiff filed a separate opposition brief regarding this request and contends that defendants' request is effectively an unnoticed motion for sanctions and that defendants failed to meet any of the procedural or substantive requirements for sanctions under 28 U.S.C. § 1927. Dkt. 455 at 1.

Any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The imposition of sanctions under section 1927 requires a finding of recklessness or bad faith." United States v. Blodgett, 709 F.2d 608, 610 (9th Cir. 1983) (quotation marks omitted). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument." Estate of Bias ex rel. Chargualaf v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986). Still, "[t]he key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough." In re Girardi, 611 F.3d 1027, 1061 (9th Cir. 2010). "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996). In awarding sanctions, the Court must remain aware of "the balance between sanctioning improper behavior and chilling vigorous advocacy." In re Yagman, 796 F.2d 1165, 1183 (9th Cir. 1986).

As an initial matter, the Court observes that "[n]otice and a hearing should precede imposition of a sanction under § 1927." T.W. Elec. Service, Inc. v. Pacific Electric Contractors, 809 F.2d 626, 638 (9th Cir. 1987). Due process requires an attorney facing sanctions to be given "notice, an opportunity to prepare a defense, and a hearing." See Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522 (9th Cir. 1983). Here, defendants have obscured their § 1927 request in the last paragraph of their motion, and it appears that defendants failed to provide plaintiff's counsel with any notice that they were seeking to hold him personally liable for any award of attorneys' fees. For this reason alone, the Court would be inclined to strike defendants' request for an award of attorneys' fees under 28 U.S.C. § 1927.

Furthermore, while the conduct of plaintiff's counsel—as described by defendants—appears to have been ill-considered at times, the Court is not persuaded that plaintiff's counsel acted vexatiously. See In re Girardi, 611 F.3d at 1061 ("The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-08962-CAS-KSx | Date | June 3, 2019 |
|----------|------------------------|------|--------------|
| Title | MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC. V. KRISTOPHER HUGHES, ET AL. | | |

proceedings is not enough."). Accordingly, the Court denies defendants' request that plaintiff's counsel be held individually liable under 28 U.S.C. § 1927 for any award of attorneys' fees.

## V.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for attorney's fees and determination of prevailing party.

The Court **DENIES** defendants' request that plaintiff's counsel be held individually liable under 28 U.S.C. § 1927 for any award of attorneys' fees.

The Court **DENIES** defendants' motion for attorney's fees, without prejudice to Huysentruyt's making a showing of fees expended only in defending the breach of contract claim.

The Court vacates the June 17, 2019 hearing and **DISMISSES** without prejudice plaintiff's motion to alter the judgment.

IT IS SO ORDERED.

|   |   | 00 | : | 27 |
|---|---|----|---|----|
| Initials of Preparer | | | CMJ | |